Accordingly, we affirm the order of the Court below.

461 A.2d 833

**William M. SPAIN, Appellant,**

v.

**Charles C. VICENTE, David E. Shiels, and Robert E. Feeley.**

Superior Court of Pennsylvania.

Argued June 4, 1982.

Filed June 10, 1983.

138

Taras M. Wochok, Paoli, for appellant.

Mark Edward Lichty, Philadelphia, for appellees.

Before HESTER, CIRILLO and JOHNSON, JJ.

HESTER, Judge:

This is an appeal from an Order granting a Motion for Summary Judgment in favor of Robert E. Feeley. The underlying action alleged the defamation of appellant by Charles C. Vicente, David E. Shiels, and appellee Feeley. After closely scrutinizing the record before us, we affirm.

On March 5, 1979, after an internal investigation, appellant was relieved of his position as Superintendent of Police, Eastern Region, for Conrail, and demoted to Lieutenant. Appellant thereafter initiated the instant lawsuit against Feeley, who was his former supervisor, and against Vincente and Shiels, both former Conrail police officers. The complaint was filed on May 1, 1979. Appellee responded with a timely answer containing new matter on May 23, 1979. After interrogatories were answered, depositions of appellant and appellee were conducted on May 5, 1980. Subsequently, appellee filed an amended answer with new matter on July 25, 1980. A Motion for Summary Judgment was filed by appellee on September 26, 1980, and was granted on February 25, 1981. Judgment was entered in favor of appellee and appellant thereafter perfected this appeal.

Appellant's fundamental argument is that the lower court erred in granting appellee's motion for a summary judgment. Summary judgment is appropriate only in those cases which are clear and free from doubt. *Dippold v. Amherst Ins. Co.*, 290 Pa.Super. 206, 434 A.2d 203 (1981);

*Giannini v. Carden,* 286 Pa.Super. 450, 429 A.2d 24 (1981); *Dunn v. Teti,* 280 Pa.Super. 399, 421 A.2d 782 (1980). Since the moving party, appellee herein, has the burden of proving that no genuine issues exist as to any material facts, we must examine the record in the light most favorable to the non-moving party. *Dippold v. Amherst Ins. Co., supra; Anthony v. Koppers Co., Inc.,* 284 Pa.Super. 81, 425 A.2d 428 (1981), reversed, 496 Pa. 119, 436 A.2d 181 (1981); *Schacter v. Albert,* 212 Pa.Super. 58, 239 A.2d 841 (1968). In so doing, we accept as true all well-pleaded facts in appellant's pleadings and give him the benefit of all reasonable inferences to be drawn therefrom. *Brophy v. Philadelphia Newspapers Inc.,* 281 Pa.Super. 588, 422 A.2d 625 (1980). We are not limited to the pleadings in determining whether summary judgment was properly entered. Rather, we also consider depositions, answers to interrogatories, admissions on file, and affidavits, if any, in our search for issues of material facts. Pa.R.C.P. No. 1035.

The salient facts of appellant's complaint reveal the following. On January 22, 1979, Officers Vincente and Shiels entered the office of appellee, the Director of Conrail police, and alleged that appellant was involved in various improprieties. Among other charges, appellant was purported to have required on-duty police officers to perform personal services for him, falsified employment assignments, and wrongfully removed railroad ties and ballast from Conrail. Appellant averred that appellee made similar utterances, used his position and power as Director of Police to intimidate individuals so that they would accuse appellant of improprieties, and to relieve appellant of his command. Appellant alleged that all of the accusations were false and were made by the parties knowing them to be false.

An action in defamation "is based on a violation of the fundamental right of an individual to enjoy a reputation unimpaired by false and defamatory attacks." *Berg v. Consolidated Freightways, Inc.,* 280 Pa.Super. 495, 500, 421 A.2d 831, 833 (1980). To sustain such an action, the plaintiff has the burden of proving, after the issue is properly raised:

"(a)(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion."

42 Pa.C.S.A. § 8343(a). The defendant can defend against an action in defamation by proving that the defamatory communication was true, the occasion on which it was published was of privileged character, or that the character of the subject matter of defamatory comment was a public concern. 42 Pa.C.S.A. § 8343(b).[1]

Initially, we note that appellant's allegations that appellee used his position and power to intimidate individuals so that they would accuse appellant of improprieties does not support a defamation action. The procurement of false and untrue accusations does not constitute an element of a defamation action. Appellant's claim that appellee knowingly uttered false statements calculated to injure and destroy his reputation could sustain an action in defamation. However, even this averment is flawed. The complaint fails to state with any particularity the content of the oral or written statements claimed to have been made or the identity of the person or persons to whom the statements were made.

In an analogous case, *Gross v. United Engineers & Constructors, Inc.*, 224 Pa.Super. 233, 302 A.2d 370 (1973), we reviewed the sufficiency of a complaint charging libel and slander. The lower court sustained preliminary objections in the nature of demurrer. In affirming, we note:

---

1. But see *Dunlap v. Philadelphia Newspapers, Inc.*, 301 Pa.Super. 475, 448 A.2d 6 (1982).

"[a]ny information subsequently supplied by plaintiff upon deposition requested by defendant cannot be used to supply the missing allegata of the complaint. The sufficiency of the complaint is governed by the facts alleged therein and the fact that the lacking information was or could be supplied is not governing."

*Id.*, 224 Pa.Superior at 235, 302 A.2d at 371.[2] *Itri v. Lewis,* 281 Pa.Super. 521, 422 A.2d 591 (1980). Thus the complaint must stand or fall of its own accord.

The complaint in the case at bar is clearly inadequate. For this reason alone, the summary judgment was properly entered. Even if we looked beyond the face of the complaint, appellant's deposition still fails to provide the requisite particularity regarding the alleged defamatory statements uttered by appellee. With one exception, appellant conceded that appellee made no statements of a defamatory nature:

Question: Where there any other alleged defamatory statements made subsequently by Mr. Feeley?

Answer: Well, none that I know of during this most recent investigation that he conducted on me. I don't know what was said.

Question: Since that investigation?

Answer: Since what investigation?

Question: Since the gun transaction investigation had there been any further instances?

Answer: Well, Mr. Feeley conducted another investigation on me. He called me into his office on January 22, 1979, and told me that he was conducting an investigation into wrongdoing on my part as a result of allegations that had been made by to dismiss a police officers and their wives.

Question: What were the defamatory statements that were allegedly made by Mr. Feeley at that time?

---

2. The proper procedure which should have been followed in *Gross* was to commence an action by filing a praecipe for a writ of summons. Pa.R.C.P. No. 1007. Thereafter, the plaintiff would be able to commence discovery in order to obtain the information necessary to the preparation of an adequate complaint.

Answer: Mr. Feeley didn't make any defamatory statements at that time.

Question: Did he subsequently make any defamatory statements?

Answer: Not to me.

Question: Are you aware of any other defamatory statements?

Answer: I am aware of a conspiracy that he engaged in in connection with that investigation.

Question: You are not aware of any defamatory statements made or arising from the 1979 investigation made by Mr. Feeley?

Answer: I am only aware of a conspiracy that he engaged in with regards to trying to dig up anything derogatory about me that he could.

The only instance which appellant cited was an accusation by appellee in October of 1976 that appellant was a thief. Appellee, in addition to denying the statement by affidavit, argued that this allegedly defamatory statement was barred by the applicable one year statute of limitations. 42 Pa.C.S.A. § 5523. The lower court so held and we agree.

Appellant asserts that the trial judge erred in not permitting him to amend his complaint so as to insert sufficient particularity. The record reveals no such request on his part. Although appellant contends that he sought leave to amend at the time appellee filed his Motion for Summary Judgment, his "request" was merely an argument contained in a Memorandum of Law opposing the Summary Judgment. Nowhere was it embodied within a formal motion or petition.

Concededly, a liberal right of amendment is afforded to all litigants pursuant to Pa.R.C.P. No. 1033. However, the right to amend will be withheld if there does not appear to be a reasonable possibility that amendment will be successful. *Mace v. Senior Adult Activities Center of Montgomery County*, 282 Pa.Super. 566, 423 A.2d 390 (1980); *Itri v. Lewis, supra.* As we have stated above, the

statements made by appellant himself at his deposition militate against the likelihood of establishing a cause of action.

Finally, appellant asserts that the lower court erred in holding that appellant's failure to respond to appellee's new matter constituted an admission of all averments contained therein. The trial court relied upon Pa.R.C.P. No. 1045(b) which provides:

"A plaintiff who fails to file a reply to averments of the defendant's new matter shall be deemed to admit all such averments other than averments relating to contributory negligence or assumption of the risk."

Appellee filed a timely answer and included in his new matter the averments that any statements allegedly made were true, that appellant had suffered no special damages and that any statements allegedly made were not published to any third parties. Appellant excuses his failure to file a response to appellee's new matter by pointing out that appellee neglected to endorse his pleading with a "Notice to Plead" as is required by Pa.R.C.P. No. 1026. If no "Notice to Plead" is contained within the pleading, the responding party need not file a pleading in order to deny the averments contained therein. Pa.R.C.P. No. 1029(d).

However, appellee filed an amended answer including additional new matter in which appellee raised the statute of limitations and averred that any allegedly defamatory statements were "protected by the existence of a qualified privilege to make such statements in the course of legitimate investigations of Mr. Spain's misconduct." This pleading was properly endorsed with an appropriate notice to plead, yet appellant still filed no response. Appellant advances the argument that a party may only file an amended pleading either by filed consent of his opponent or by leave of court. Pa.R.C.P. No. 1033. Since appellee had neither, appellant contends that appellee's amended answer should be striken.

The allowance of an amendment other than one of right, Pa.R.C.P. No. 1028(c), is completely subject to the

discretion of the court. Since the trial court chose to consider the averments included therein, that action implies a grant of approval by the court. Moreover, appellant alleges no prejudice caused by this amended answer, nor did he file preliminary objections or a Motion to Strike at the time it was filed.[3] As stated previously, it is well established in this Commonwealth that amendments should be liberally allowed except where surprise or prejudice to the other party would result, or where there is no possibility that the apparent defect could be cured. *Posternack v. American Casualty Co. of Reading*, 421 Pa. 21, 218 A.2d 350 (1966). The amended answer was filed only two months after the depositions, where testimony revealed the existence of the statute of limitations defense.

We find no abuse in either the trial court's consideration of the amended answer or its disposition of the case.

Order affirmed.

---

**3.** Again, appellant refers us to his Memorandum of Law opposing the grant of summary judgment. Therein, appellant stated that he was filing a Motion to Strike Feeley's amended answer. Nevertheless, such a Motion is not included anywhere in the reproduced record which appellant provided to this Court, or in the original record. It is well-settled that an appellate court cannot consider anything which is not a part of the record. *McCaffrey v. Pittsburgh Athletic Association*, 448 Pa. 151, 293 A.2d 51 (1972).