J. A25041/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARK FROST, | : | IN THE SUPERIOR COURT OF |
| MARK B. FROST & ASSOCIATES, | : | PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| GREGG L. ZEFF | : | |
| THE ZEFF LAW FIRM | : | |
| THE LAW FIRM OF GREGG L. ZEFF | : | |
| | : | No. 827 EDA 2015 |

Appeal from the Order Entered February 12, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: 003279 Feb. Term, 2013

| | | |
|---|---|---|
| MARK FROST, | : | IN THE SUPERIOR COURT OF |
| MARK B. FROST & ASSOCIATES, | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGG L. ZEFF | : | |
| THE ZEFF LAW FIRM, LLC, | : | |
| THE LAW FIRM OF GREGG L. ZEFF | : | |
| AND FROST & ZEFF, P.C., | : | |
| | : | |
| Appellants | : | No. 829 EDA 2015 |

Appeal from the Order Entered February 12, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: 130203279 Feb. Term, 2013

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED DECEMBER 11, 2015**

---

[*] Former Justice specially assigned to the Superior Court.

Appellants/Cross-Appellees ("Appellants"), Mark Frost and Mark B. Frost & Associates, appeal from the order entered on September 24, 2014,[1] in the Philadelphia County Court of Common Pleas granting Appellees/Cross-Appellants ("Appellees"), Gregg L. Zeff's and The Law Firm of Gregg L. Zeff's, motion for summary judgment which dismissed all claims against Appellees with prejudice and dismissed Appellees' crossclaims against co-defendant Frost & Zeff, P.C. Appellees filed a cross-appeal from the order entered February 12, 2015 which provided as follows:

> [U]pon consideration of [Appellants'] Motion for Summary Judgment on [Appellees'] counterclaims and any responsive pleadings, it is ORDERED as follows:
>
> 1. [Appellants'] Motion for summary Judgment on all claims is GRANTED.
>
> 2. All claims against [Appellants] are DISMISSED WITH PREJUDICE.

Order, 2/12/15.

Appellants contend that they (1) have standing to sue Appellees, (2) in the alternative, they should have been granted leave to amend their complaint and (3) the applicable statute of limitations has not run. Appellees contend they have standing to seek reinstatement of their counterclaims against Appellants and their claims are not barred by the statute of limitations. We affirm.

---

[1] We note that the September 24, 2014 order was not a final order because there were claims remaining that had not been disposed of by the trial court. *See Levitt v. Patrick*, 976 A.2d 581, 588 (Pa. Super. 2009).

On March 1, 2013, Appellants filed a writ of summons against Appellees, and on July 1, 2013, they filed a complaint. Appellant Mark Frost was a majority shareholder of the law firm Frost & Zeff, P.C., a lawfirm and professional corporation, from approximately 1996 to March of 2009. Appellants' Compl., 7/1/13, at ¶ 1, 2. Appellee Gregg L. Zeff was a minority shareholder of Frost & Zeff, P.C. *Id.* at ¶ 3. "**Frost & Zeff is, at all times material since approximately 1996, a professional corporation** . . . ." *Id.* at ¶ 5 (emphasis added). "Frost and Zeff has not conducted business since approximately March of 2009." *Id.*

"From the years 1997-2008, there were insufficient funds to pay Frost his salary due to Zeff's failure to provide revenues and work diligently on cases pursuant to the agreements entered into for the firm." *Id.* at ¶ 13. "From the year 2000 through February, 2009, Frost generated 75%-80% of all fees. . . ." *Id.* at ¶ 15. "During the years 2001 and 2002, Zeff was not generating revenue to the firm in accordance with the **oral agreement**[2] in 2000 that he would generate 1/3 of the fees." *Id.* at ¶ 16 (emphasis added). "In 2004, Frost once again generated over 80% of fees for the firm. Frost & Zeff was still in debt at the end of the 2004 year due to Zeff not

---

[2] Our review of the record does not reveal a written contract. Appellants aver, incorporating paragraphs one through eighty-seven of the complaint, that "[Appellant"] Frost and [Appellee] Zeff agreed to make payments and take other action as set forth above." *Id.* at ¶ 88-89. Appellants contend "Zeff has breached said agreement." *Id.* at ¶ 90.

generating the 1/3 revenue that was agreed upon." *Id.* at ¶ 24. "During 2007 and 2008, Frost & Zeff continued to have . . . debts from vendors . . . ." *Id.* at ¶ 35.

"In March 2009, Zeff told Frost that he was leaving the firm without any agreements to settle the remaining debts . . . ." *Id.* at ¶ 42. "At the time Zeff stated that he would leave the firm, there were multiple legal malpractice cases instituted against Zeff and Frost & Zeff [i.e., F&Z]. All of these cases were matters Zeff had handled as a shareholder of Frost & Zeff." *Id.* at ¶ 65. "[Appellee] Zeff has further refused to contribute monies not only to pay Frost for monies expended to pay F&Z debt, but also to pay creditors to the detriment of Frost & Zeff which will cause other vendors to sue Frost & Zeff . . . ." *Id.* at ¶ 83. "Zeff's failure to use monies from the firm's cases wherein he has collected fees that should have been used to pay F&Z debt will further cause the firm to go into debt . . . ." *Id.* at ¶ 84. "Since leaving Frost & Zeff and taking F&Z's clients to his new law firms, Zeff has not provided an accounting of the cases that he took with him." *Id.* at ¶ 86. In the complaint, Appellants alleged claims for breach of contract, unjust enrichment, conversion and breach of fiduciary duty.[3] *Id.* at ¶¶ 90-91, 95, 99, 104.

---

[3] We note that Appellants concede that the claims for which the applicable statute of limitations is two years, *viz.*, breach of fiduciary duty and conversion, are barred: "Admittedly, the break-up of Frost & Zeff occurred outside of the two-year window from the filing of the instant action."

On July 22, 2013, Appellees filed an answer with new matter, counterclaims and crossclaim. Appellees raised the affirmative defense of the statute of limitations in their new matter. Answer with New Matter, Countercl. and Pa.R.C.P. 1031.1 Cross-cl. on Behalf of [Appellees], 7/22/13, at ¶ 107. The counterclaims stated claims for fraud, constructive fraud, conversion, unjust enrichment, misrepresentation, breach of fiduciary duty, accounting, negligence, breach of fiduciary duty, and accounting.[4] *Id.* at ¶¶ 100, 105, 108, 111, 114, 117, 122, 124, 145, 148. In the crossclaim, Appellees incorporated their counterclaims and averred that Frost & Zeff, P.C. were alone liable on the causes of action set forth in Appellants' complaint. *Id.* at ¶ 151.

On August 12, 2013, Appellants filed preliminary objections to Appellees' counterclaims. On October 31, 2013, Appellants filed an answer to Appellees' new matter, counterclaims and crossclaim. Appellees filed a motion for summary judgment on June 2, 2014. Appellees contend that Appellants lack standing to bring suit. Appellees' Mot. for Summ. J., 6/2/14, at ¶ 15. Appellees aver that "the applicable statutes of limitations have

---

Appellants' Mem. of Law in Opp'n to Appellees' Mot. for Summ. J., 7/3/14, at 16 n.3. In the argument section of their brief, Appellants aver only that their breach of contract and unjust enrichment claims are not barred by the statute of limitations. Appellants' Brief at 34.

[4] We note that the claims for breach of fiduciary duty and accounting were averred against both "Frost and Mark B. Frost & Associates" and "Frost & Zeff, P.C."

expired on all claims." *Id.* at ¶ 51. Appellants filed a response to the motion for summary judgment on July 3, 2014. In the memorandum of law in opposition to the motion for summary judgment, Appellants averred "[t]o the extent that the [c]ourt rules that [Appellants] do not have standing, [Appellants] seek leave to file an Amended Complaint to indicate that [Appellant] Frost's claims are being brought on behalf of the corporation Frost & Zeff, PC." Appellants' Mem. of Law in Opp'n to [Appellees'] Mot. for Summ. J., 7/3/14, at 2.

On September 24, 2014, the trial court granted Appellees' motion for summary judgment and dismissed all claims against Appellees with prejudice. Appellee Zeff's crossclaim was dismissed with prejudice. Order, 9/24/14. The trial court denied the request for leave to file an amended complaint. Trial Ct. Op., 9/24/14, at 7 n.32. On October 21, 2014, Appellants filed a petition for determination of finality. On November 20, 2014, the trial court denied the petition for determination of finality.

On November 26, 2014, Appellants filed a motion for summary judgment to dismiss Appellees' counterclaims.[5] Appellants contended

---

[5] The docket indicates that the motion for summary judgment is in the certified record as document number 54. Our review of the record indicates that it is not included in the certified record on appeal. However, our Supreme Court held "that where the accuracy of a pertinent document is undisputed, the Court could consider that document if it was in the Reproduced Record, even though it was not in the record that had been transmitted to the Court." Pa.R.A.P. 1921 note (citing **Commonwealth v. Brown**, 52 A.3d 1139, 1145 n.4 (Pa. 2012)). In this case, because the

"Appellees lacked standing because all of the compensable harms alleged were suffered by Frost & Zeff PC." Appellant's Mot. for Summ. J., 11/26/14, at ¶ 26. Appellants averred "[i]n the alternative, even if [Appellees] have standing, the applicable statutes of limitations have expired on all claims." *Id.* at ¶ 34. On December 2, 2014, Appellants filed a praecipe to supplement the motion. On January 9, 2015, Appellees filed an answer in opposition to the motion for summary judgment. On February 12, 2015, the court granted Appellants' motion for summary judgment. Appellants filed a timely appeal[6] and Appellees filed a timely cross appeal. The parties were not ordered to file Pa.R.A.P. 1925(b) statements of errors complained of on appeal. The trial court filed a Pa.R.A.P. 1925(a) opinion.

Appellants raise the following issues for our review:

> 1. Do [Appellants] have standing to sue [Appellees], and therefore should [Appellees'] Motion for Summary Judgment be Denied?

> 2. Even if [Appellants] lacked standing to bring certain claims individually, should Frost have been granted leave to amend his Complaint in Order to bring claims on behalf of Frost & Zeff, PC?

> 3. Do [Appellants'] claims satisfy the applicable statutes of limitation, and therefore should [Appellees'] Motion for Summary Judgment be Denied?

Appellants' Brief at 5.

---

motion for summary judgment is part of the reproduced record and neither party has disputed its accuracy, we can consider it.

[6] *See* note 1 *supra.*

In their cross-appeal, Appellees raise the following issues:

> 1. Whether the trial court erred in failing to find that [Appellees'] Counter-claimants had standing.

> 2. Whether the trial court erred in failing to find that [Appellees'] Counter-claimants' claims were within the statute of limitations?

Appellees Brief at 5.[7]

First, Appellants contend that they have standing to sue Appellees and therefore the court erred in granting Appellees' motion for summary judgment. Appellants aver

> First, the gravamen of [Appellants'] complaint is that Zeff's actions **after** the break—up of Frost & Zeff, PC were improper and caused injury not only to Mark Frost individually, but also to Mark B. Frost & Associates. This is not a situation where a shareholder is injured simply by the loss of value or assets due to the corporation, unlike in **Hill**,[8] which pertained exclusively to conduct undertaken during the existence of the corporation and to loss in value of and assets due to the company.

> \* \* \*

> . . . Frost and his current firm Mark B. Frost & Associates have directly expended monies and time in defending various lawsuits against Frost & Zeff, where it was agreed upon between Frost and Zeff **after** the break-up of the firm that Frost would be reimbursed.

> \* \* \*

---

[7] Appellees denominate their brief as "Brief of Defendants-Appellants."

[8] Appellants refer to **Hill v. Ofalt**, 85 A.3d 540 (Pa. Super. 2014). **See** discussion, **infra.**

- 8 -

Further, [Appellant] Frost individually and his firm have made agreements with Zeff regarding the payment of certain monies from cases and regarding the reimbursement of monies for Frost and Mark B. Frost & Associates' defense of lawsuits involving the former firm.

\* \* \*

Finally, even if the court rules that some or all of the injuries suffered are not sufficiently independent of the corporation Frost & Zeff, this should not affect the standing of Mark B. Frost & Associates. For all practical purposes, Mark B. Frost & Associates—owned solely by Mark Frost himself—has served as the successor law firm to Frost & Zeff, PC.

\* \* \*

Further, even if this Court finds that [Appellants] do not have standing to enforce a breach of contract claim against [Appellees], [Appellants] still nonetheless must have standing to enforce the unjust enrichment claim against them. As noted above, the Court in **Hill** found that the shareholder of a corporation could not have a claim based on actions taking **during** the operation of the corporation. Here, however, [Appellant] claims that Zeff took certain improper actions **after** the break-up of Frost & Zeff, PC in March of 2009.

\* \* \*

In sum, there exist several instances in which Frost and Mark B. Frost & Associates—after the breakup of Frost & Zeff—have expended time and money in defending the firm's interest in litigation, and where Zeff has improperly retained monies. . . .

Appellants' Brief at 22-23, 25-29 (emphasis in original).

Our review is governed by the following principles:

[O]ur standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law[,] and

- 9 -

our scope of review is plenary. We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

*Clausi v. Stuck*, 74 A.3d 242, 247-48 (Pa. Super. 2013) (quotation marks and citations omitted).

In *Hill*, this Court opined:

In Pennsylvania, only the corporation and "a shareholder . . . by an action in the right of the corporation" may bring a lawsuit and claim that a director breached the standard of care owed to the corporation. 15 Pa.C.S.A. § 1717. 15 Pa.C.S.A. § 1717, entitled "[l]imitation on standing," provides in relevant part:

The duty of the board of directors, committees of the board and individual directors under [15 Pa.C.S.A. §] 1712 (relating to standard of care and justifiable reliance) is solely to the business corporation and may be enforced directly by the corporation or may be enforced by a shareholder, as such, by an action in the right of the corporation, and may not be enforced directly by a shareholder or by any other person or group.

15 Pa.C.S.A. § 1717. Further, under established Pennsylvania law, a shareholder does not have standing to institute a direct suit for "a harm [that is] peculiar to the corporation and [that is] only [ ] indirectly injurious to [the] shareholder." *Reifsnyder v. Pgh. Outdoor Adver. Co.*, [ ] 173 A.2d 319, 321 ([Pa.] 1961). Rather, such a claim belongs to, and is an asset of, the corporation.

**To have standing to sue individually, the shareholder must allege a direct, personal injury— that is independent of any injury to the corporation—** and the shareholder must be entitled to receive the benefit of any recovery. *See id.*; *Burdon v. Erskine*, [ ] 401

- 10 -

A.2d 369, 370 ([Pa. Super.] 1979) (*en banc* ) ("[a]n injury to a corporation may . . . result in injury to the corporation's stockholders. Such injury, however, is regarded as 'indirect', and insufficient to give rise to a direct cause of action by the stockholder"); **Fishkin v. Hi– Acres, Inc.**, [ ] 341 A.2d 95, 98 n.4 ([Pa.] 1975) ("[i]f the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, it is an individual action") (internal quotations and citations omitted); **White v. First Nat'l Bank**, [ ] 97 A. 403, 405 ([Pa.] 1916) ("a stockholder can maintain a[ direct] action where the act of which complaint is made is not only a wrong against the corporation, but is also in violation of duties arising from contract or otherwise, and owing to him directly. . . . But the difficulty with the plaintiff's case is that he has failed to show any injury to himself apart from the injury to the corporation, in which he is a stockholder"); **Tooley v. Donaldson, Lufkin, & Jenrette, Inc.**, 845 A.2d 1031, 1039 (Del. 2004) (holding that, to determine whether a shareholder's claim is direct or derivative, "a court should look to the nature of the wrong and to whom the relief should go. **The stockholder's claimed direct injury must be independent of any alleged injury to the corporation.** The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation"). As is hornbook law:

> If the injury is one to the plaintiff as a shareholder as an individual, and not to the corporation, for example, where the action is based on a contract to which the shareholder is a party, or on a right belonging severally to the shareholder, or on a fraud affecting the shareholder directly, or where there is a duty owed to the individual **independent of the person's status as a shareholder**, it is an individual action. If the wrong is primarily against the corporation, the redress for it must be sought by the corporation, except where a derivative action by a shareholder is allowable, and a shareholder cannot sue as an individual. . . . Whether a cause of action is individual or derivative must be determined from the nature of the wrong alleged and the relief, if any, that could result if the plaintiff were to prevail.

- 11 -

> **In determining the nature of the wrong alleged, the court must look to the body of the complaint**, not to the plaintiff's designation or stated intention. The action is derivative if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent dissipation of its assets. . . . If damages to a shareholder result indirectly, as the result of an injury to the corporation, and not directly, the shareholder cannot sue as an individual.
>
> 12B FLETCHER CYCLOPEDIA of the LAW of CORPORATIONS § 5911 (2013); **see also** ALI Principles of Corporate Governance § 7.01(a) ("[a]n action in which the holder can prevail only by showing an injury or breach of duty to the corporation should be treated as a derivative action").

*Id.* at 548-49 (emphases added).

The trial court opined:

> Upon review, this court finds [Appellants] lack standing to assert breach of contract and unjust enrichment because any breach of contract and unjust enrichment claims belong to Frost & Zeff as a professional corporation rather than to [Appellants] individually. [Appellees'] alleged failure to pay debts due to the firm is an injury suffered by the firm rather than [Appellants] individually. . . . Any injuries suffered by [Appellants] individually were as a result of harm done to Frost & Zeff. Therefore, this court determines the breach of contract claim and unjust enrichment claim is only proper as a derivative action, and because [Appellants] sought strategically to bring a direct suit alleging injury to the firm, [Appellants] do not have proper standing to assert their breach of contract and unjust enrichment claim for monies "due to the firm."

Trial Ct. Op., 9/24/14, at 6-7 (footnotes omitted).

We agree no relief is due. The gravamen of Appellants' complaint is injury to the professional corporation. *See Hill*, 85 A.3d at 548-49. Appellants have not alleged an injury that is independent of any alleged injury to the professional corporation. *See id.* Therefore, Appellants do not have standing to bring the cause of action. *See id.* We discern no abuse of discretion of error of law by the trial court in granting Appellees' motion for summary judgment. *See Stuck*, 74 A.3d at 242.

Next, Appellants claim that even if they lacked standing to bring certain claims individually, Appellants should have been granted leave to amend their complaint in order to bring claims on behalf of Frost & Zeff, P.C. Initially, we consider whether counsel followed the proper procedure. Appellants requested to amend their complaint in their memorandum of law in response to Appellees' motion for summary judgment. *See* Appellants' Mem. of Law in Opp'n to [Appellees'] Mot. for Summ. J., 7/3/14, at 2.

This court has stated:

> [The a]ppellant asserts that the trial judge erred in not permitting him to amend his complaint so as to insert sufficient particularity. The record reveals no such request on his part. Although appellant contends that he sought leave to amend at the time appellee filed his Motion for Summary Judgment, his "request" was merely an argument contained in a Memorandum of Law opposing the Summary Judgment. Nowhere was it embodied within a formal motion or petition.
>
> Concededly, a liberal right of amendment is afforded to all litigants pursuant to Pa.R.C.P. No. 1033. However, the right to amend will be withheld if there does not appear to

- 13 -

be a reasonable possibility that amendment will be successful.

*Spain v. Vicente*, 461 A.2d 833, 837 (Pa. Super. 1983). In *Vicente*, this Court considered whether the trial court erred in denying the request to amend the complaint and found no abuse of discretion because the statute of limitations had run on the cause of action. *Id.* at 837. Analogously, we will consider whether Appellants should have been granted leave to file an amended complaint. *See id.*

> Pennsylvania Rule of Civil Procedure 1033 provides that a party, by consent or leave of court, "may at any time change the form of action, correct the name of a party or amend his pleading." Pa.R.C.P. 1033. However, **amendment of a complaint after the statute of limitations has expired will not be permitted** where the amendment attempts to bring a new party into the action. As our Court has stated in a prior case:
>
> > **A plaintiff may not add a new defendant after the applicable statute of limitations has expired.** Thus, in cases where the statute of limitations has expired and a party seeks to amend its pleading to correct the name of party, the issue is whether the proposed amendment adds a new party to the litigation or merely corrects a party name. If an amendment constitutes a simple correcting of the name of a party, it should be allowed, but if the amendment in effect adds a new party, it should be prohibited.
> >
> > If the proper party was sued but under the wrong designation, the correction will be allowed. However, where the wrong party was sued and the amendment is designed to substitute another, distinct party, it will be disallowed.

*Ferraro v. McCarthy-Pascuzzo*, 777 A.2d 1128, 1132-33 (Pa. Super. 2001) (quotation marks and citations omitted); *see also Kincy v. Petro*, 2 A.3d 490, 497 (Pa. 2010).

"An action upon an express contract not founded upon an instrument in writing" is four years. 42 Pa.C.S. § 5525(a)(3). In *Sevast v. Kakouras*, 915 A.2d 1147 (Pa. 2007), our Pennsylvania Supreme Court opined:

> Generally speaking, the statute of limitations begins to run as soon as the right to institute and maintain the suit arises. "Whether a complaint is timely filed within the limitations period is a matter of law for the court to determine." The cause of action which [the a]ppellee brought before the court is based upon a theory of unjust enrichment. According to statute, there is a four-year statute of limitations for such causes of action. *See* 42 Pa.C.S. § 5525(a)(4); *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa. Super. [ ] 1997) (stating plaintiff's claim for unjust enrichment, an action based on a contract implied at law, is subject to a four-year statute of limitations).

*Id.* at 1153 (footnotes and some citations omitted).

Appellants aver that their claims for breach of contract and unjust enrichment fall within the applicable statute of limitations. Appellants contend that "all claims from March 1, 2009 onward have been timely filed for purposes of the breach of contract and unjust enrichment claims." Appellants' Mem. of Law in Opp'n to [Appellees'] Mot. for Summ. J., 7/3/14, at 17. Appellants conclude that Appellee "Zeff's actions after he announced his intention to leave the firm form the gravamen of [Appellants'] complaint, and all clearly took place beginning in March of 2009 and beyond. Therefore, [Appellants'] claims for breach of contract and unjust enrichment

fall within the applicable statute of limitation . . . ." **Id.** (footnote omitted).

Appellants assert that "given that claims are made against Zeff's **subsequent** firms, the Zeff Law firm and Law Offices of Gregg Zeff, these claims obviously pertain to matters occurring during and after the break-up of Frost & Zeff, PC in March of 2009." Appellants' Brief at 37. We find no relief is due.

> Instantly, the trial court opined:

>> [Appellants] ask this court to allow leave to amend [Appellants'] complaint to name Frost & Zeff as a plaintiff. However, given that discovery is complete, the statute of limitations has run on all possible breach of contract and unjust enrichment claims, and there is no reason that [Appellants] could not have asked for leave to amend their complaint earlier, this court does not grant leave to amend. In filing direct claims rather than derivative, [Appellants] have elected to disassociate themselves from the corporation rather than to avail themselves of the remedies set forth for individuals in this very situation, i.e., shareholder derivative suits. [Appellant] Frost elected to incorporate Frost & Zeff, and must follow the remedies set forth within the law for any damages he may have suffered as a result. Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party.

Trial Ct.Op. at 7 n.32 (citations omitted).

The statute of limitations has run on the claims for breach of contract and unjust enrichment. **See** 42 Pa.C.S. § 5525(a)(3)-(4); **Kakouras**, 915 A.2d at 1153. Frost & Zeff, P.C. dissolved on or about March 2009. The request for leave to amend the complaint was made in the memorandum of law filed on July 3, 2014. The amendment would in effect add a new party

outside of the statute of limitations, therefore it is prohibited.[9] ***See***

***Ferraro***, 777 A.2d at 1132-33; ***Vicente***, 461 A.2d at 837

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2015

---

[9] We note that Appellees aver

> at this time [they] seek a full dismissal of all claims in this matter, including the counterclaims, even though the counterclaims that are the subject of this appeal are valid. Zeff seeks dismissal/affirmance of all claims by Frost and his own counterclaims, because pursuit of the counterclaims appear to be fruitless against the Frost parties who are of questionable solvency.

Appellees' Brief at 7-8/