J-S03034-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHALE J. ANDERSON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DR. JOHN K. WALMER, LPM, DR. | : | |
| SHELLA A. KHATRI, MS. M. PARMAR, | : | |
| PSSC, MR. JONATHAN ERRIGO, PSSC, | : | |
| MR. EDWARD KECHISEN, PSSC, AND | : | |
| MS. CELINE KEITH, PSSC, | : | |
| | : | |
| Appellees | : | No. 632 WDA 2020 |

Appeal from the Order Entered May 19, 2020
in the Court of Common Pleas of Clearfield County
Civil Division at No(s): 2020-22-MD

BEFORE:    DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                **FILED: SEPTEMBER 15, 2021**

Appellant, Michale J. Anderson, appeals from the trial court's May 19, 2020 Order dismissing with prejudice Appellant's civil complaint filed against Dr. John K. Walmer, LPM; Dr. Shella A. Khatri; Ms. M. Parmar, PSSC; Mr. Jonathan Errigo, PSSC; Mr. Edward Kechisen, PSSC; and Ms. Celine Keith, PSSC (collectively, "Psychology Professionals").[1]  Upon review, we affirm.

By way of background, Appellant is, and has been at all times relevant to this case, incarcerated at Pennsylvania State Correction Institute ("SCI")

_____

[1] Dr. Khatri and Mr. Kechisen did not join the other Psychology Professionals' Brief or otherwise participate in this appeal.  Nevertheless, for ease of reference, we refer to the appellees collectively as the Psychology Professionals.

* Retired Senior Judge assigned to the Superior Court.

Houtzdale. Originally, Appellant was serving a life sentence without parole for crimes he committed as a juvenile in 1989. Pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012), and **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017), Appellant underwent a resentencing hearing on April 9, 2018. In connection with the resentencing hearing, the Commonwealth and Appellant both hired their own experts to review Appellant's prison records, which included his psychological and psychiatric records. Following the hearing, the criminal court re-sentenced Appellant to a term of 50 years to life in prison.

On March 26, 2020, Appellant filed *pro se* a petition to proceed *in forma pauperis* and a civil Complaint alleging malpractice against the Psychology Professionals. Appellant alleged the Psychology Professionals are or were "licensed professional[s]" associated with SCI Houtzdale's psychology or medical department who allegedly treated Appellant in their capacity as members of that unit. Complaint, 3/26/2020, at ¶¶ 1-6. According to the Complaint, the Psychology Professionals "placed negative and untrue information in his records to diminish the possibility of [Appellant's] being released at the resentencing hearing." Trial Court Order, 5/20/2020, at 5 (citing Complaint, 3/26/2020, at ¶ 13). Although Appellant claimed to have copies of his medical records, he did not specify what comments in the records were untrue or negative. **Id.** Appellant described his claims as "professional liability claim[s]" for "malpractice," "gross

- 2 -

negligence," "fraud," "harassment," and/or "vicarious liability,"[2] and sought compensatory, punitive, and special damages from the Psychology Professionals. Complaint, 3/26/2020, at ¶¶ 1-6.

On May 20, 2020, the trial court *sua sponte* issued an Order denying his petition to proceed *in forma pauperis* and dismissing Appellant's Complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1) (permitting dismissal of a frivolous action prior to ruling on a motion for leave to proceed *in forma pauperis*). Specifically, the trial court determined that Appellant did not provide any details as to the comments the Psychological Professionals allegedly placed in his treatment records. Trial Court Order, 5/20/2020, at 2. Without these specifics, the trial court concluded Appellant's averments did not establish that the Psychological Professionals breached a duty owed to him, thereby failing to state a claim for medical malpractice. *Id.* (citing ***Billman v. Saylor***, 761 A.2d 1208, 1211-12 (Pa. Super. 2000) (establishing four factors a plaintiff must allege in a medical malpractice claim: (1) physician owed a duty to patient; (2) physician breached duty; (3) breach was proximate cause of or substantial factor in bringing about harm to patient; and (4) damages suffered by patient were direct result of harm)). The trial court determined that Appellant did not establish that the

---

[2] Although counsel for the Pennsylvania Department of Corrections ("DOC") filed a brief on appeal on behalf of DOC and some of the Psychology Professionals, Appellant did not name DOC in his Complaint as a defendant. Accordingly, DOC is not a party to this action.

comments by the Psychological Professionals were a substantial factor in the harm to Appellant, which the trial court construed as Appellant's receipt of a sentence longer than he hoped. *Id.* at 3-4. Finally, the trial court noted that Appellant failed to file or attach a certificate of merit for each of the Psychology Professionals pursuant to Pa.R.C.P. 1042.3 (requiring a certificate to accompany the filing of any professional malpractice action or to be filed within 60 days). Based on Appellant's failure to aver that the Psychological Professionals breached a duty of care and were a substantial factor in bringing about harm to him, and his failure to file certificates of merit, the trial court dismissed his Complaint with prejudice as frivolous.

Appellant timely filed *pro se* an appeal to this Court.[3] Appellant attached a large volume of documents to his notice of appeal, including a motion seeking to correct the record to incorporate an Amended Complaint and a proposed Amended Complaint. The trial court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied, and the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a), which included the court's observation that

---

[3] Appellant's appeal was filed more than 30 days after the May 20, 2020 Order dismissing his complaint. This Court issued a Rule to Show Cause as to the timeliness of the appeal. Appellant ultimately provided documentation that his appeal was timely-filed pursuant to the prisoner mailbox rule. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (deeming notice of appeal by *pro se* prisoner filed on the date the prisoner deposits the notice with prison mailbox or authorities). Accordingly, this Court discharged the Rule to Show Cause and permitted the appeal to proceed.

Appellant did not request to amend his Complaint prior to the dismissal of the Complaint. Supplemental Opinion, 8/31/2020, at 2.

On appeal, Appellant presents the following issues, all of which are variations on his argument that the trial court erred by not permitting him to amend his Complaint and dismissing the Complaint pursuant to Pa.R.C.P. 240(j)(1):

1. Did the Clearfield County Court of Common Pleas err in dismissing with prejudice Appellant's complaint for Professional Liability-Medical, where the complaint explicitly requested leave to amend the pleading at a later time?

2. Was it an abuse of discretion, pursuant to Pa.R.C.P. 126, for the Court to deny Appellant a fair opportunity to amend the defective complaint filed during the COVID-19 pandemic by summarily dismissing the complaint with prejudice, rather than permit amendment?

3. Did the Court's failure to liberally construe Pa.R.C.P. Rule 1033, prematurely deny Appellant a fair opportunity to be heard, where Appellant made good faith efforts to request amendment, inform the Court of his situational status, followed through on filing an amended complaint with supporting documents, and where less fatal remedies were available?

4. Did the Court exercise a manifestly unjust abuse of discretion in denying permission to amend the complaint, where the Court's reasoning mistakenly claimed that Appellant did not mention seeking leave to amend until after the case was appealed?

Appellant's Brief at 4-5 (suggested answers omitted).

Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to determining whether the appellant's constitutional rights have been violated and whether the trial court abused

its discretion or committed an error of law. *Bell v. Mayview State Hospital*, 853 A.2d 1058, 1060 (Pa. Super. 2004). Rule 240 sets forth a procedure by which a person who is without the financial resources to pay the costs of litigation may proceed *in forma pauperis*. *Id.* (citing Pa.R.C.P. 240). As part of that procedure, subsection (j) thereof describes the obligation of the trial court when a party seeks to proceed under this rule. Rule 240(j)(1) provides that "[i]f, simultaneous with the commencement of an action … a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action … if it is satisfied that the action … is frivolous." Pa.R.C.P. 240(j)(1).[4] "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Id.* at Note (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)). "Under Rule 240(j), an action is frivolous if, on its face, it does not set forth a valid cause of action." *Ocasio v. Prison Health Services*, 979 A.2d 352, 354 (Pa. Super. 2009) (citation and internal quotation marks omitted). In reviewing the dismissal of a complaint pursuant to Rule 240(j), we are mindful that a court should not dismiss a *pro se* complaint simply because the plaintiff did not draft it artfully. *Id.*

Appellant's arguments afford him no relief. Drilled down to their essence, Appellant argues that the trial court should not have dismissed his

---

[4] Procedurally, the trial court's denial of Appellant's petition to proceed *in forma pauperis* was technically in error, as the rule requires the trial court to rule on the frivolity of the action **prior to** acting on the petition. *See id.*

Complaint because within the Complaint he "explicitly and unambiguously requested 'leave to amend this complaint to incorporate further fact development as to each Defendant not spelled out here.'" Appellant's Brief at 14 (quoting Complaint, 5/26/2020, at 6). Appellant makes no effort to defend his original pleading except to state baldly that his claim was not frivolous; in fact, he all but concedes the Complaint had deficiencies.[5] **See id.** at 18-20. Instead, without elaboration, he summarily argues that the COVID-19 global health pandemic prevented him from presenting a proper Complaint. **Id.** at 18. He claims that he planned to amend the Complaint and the trial court should have allowed him to do so in the interests of justice, citing Pa.R.C.P. 126. Finally, he argues that in the interest of the liberal amendment policy espoused in Pa.R.C.P. 1033, the trial court should have accepted the 80-page Amended Complaint he attached to his notice of appeal. Appellant's Brief at 16 ("In essence, [Appellant's] filing was a second opportunity for the Court to review the complaint, in toto, and rescind its Order of dismissal.").

---

[5] Based on the scope of Appellant's argument, we do not examine whether Appellant's Complaint attempted to present other claims beyond medical malpractice. We do note, however, that the trial court's reliance upon Appellant's failure to present a certificate of merit erroneously did not take into account that Rule 1042.3 provides a period of 60 days in which a plaintiff may comply; such time had not elapsed prior to the court's dismissal of the Complaint. Nevertheless, "we are not limited by the trial court's rationale and … may affirm on any basis." **Goodwin v. Goodwin**, 244 A.3d 453, 458 (Pa. Super. 2020).

- 7 -

Appellant's argument relies on the purported request to amend the Complaint nestled within the averments of the Complaint itself. However, Appellant never presented this request in a motion. ***Accord Spain v. Vicente***, 461 A.2d 833, 837 (Pa. Super. 1983) (observing that an argument in a Memorandum of Law opposing Motion for Summary Judgment did not equate to a request to amend in a formal motion or petition). Essentially, Appellant is arguing that because he stated within his Complaint that he reserved the right to amend the Complaint at some unspecified time, the trial court should have provided him with that opportunity on its own accord prior to dismissing the case pursuant to Pa.R.C.P. 240(j)(1).

Pennsylvania Rule of Civil Procedure 1019(a) requires parties to state the material facts on which a cause of action is based in concise and summary form in the Complaint. Pa.R.C.P. 1019(a). A plaintiff must aver any averment of fraud with particularity and any averment of time, place, and items of special damage with specificity. Pa.R.C.P. 1019(b), (f). We have interpreted Rule 1019 as requiring the Complaint to apprise the defendant of the claim being asserted and summarize the essential facts to support the claim. ***Krajsa v. Keypunch, Inc.***, 622 A.2d 355, 357 (Pa. Super. 1993). Although Pa.R.C.P. 126 provides trial courts with some flexibility to overlook deficiencies and construe the Rules of Civil Procedure liberally, such "liberal construction does not entail total disregard of those rules concerning pleading." ***Id.***

Moreover, our Supreme Court has held that notwithstanding the liberal amendment policy pursuant to Rule 1033, no law requires a trial court to order amendment *sua sponte*. **Werner v. Zazyczny**, 681 A.2d 1331, 1338 (Pa. 1996). Nothing in Rule 240 requires the trial court to provide an opportunity for amendment prior to dismissing the action. **See Conover v. Mikosky**, 609 A.2d 558, 560 (Pa. Super. 1992) ("An individual seeking to proceed *in forma pauperis*, thus requesting to have court costs paid for from funds provided to this Commonwealth by its taxpayers, has a responsibility to present a valid cause of action.").

We conclude that the trial court did not violate Appellant's constitutional rights, abuse its discretion, or err by dismissing Appellant's Complaint pursuant to Rule 240(j)(1) without first providing an opportunity for Appellant to amend the Complaint. We arrive at this conclusion based upon (1) Rule 240(j)'s public policy, **see Conover**, 609 A.2d at 560; (2) our standard of review for dismissals under Rule 240(j), **see Bell**, 853 A.2d at 1060; (3) Rule 240(j)'s requirement for a plaintiff to state a valid cause of action on the face of the Complaint to avoid a dismissal based on frivolity, **see Ocasio**, 979 A.2d at 354; and (4) the trial court's lack of an obligation to order amendment *sua sponte*, **see Werner**, 631 A.2d at 1338.

We also reject Appellant's argument that attaching a Motion to Amend the Complaint and proposed Amended Complaint to his Notice of Appeal provided the trial court with a "second opportunity to review the complaint …

and rescind its Order of dismissal." Appellant's Brief at 16. Except in limited circumstances not relevant here, a trial court loses jurisdiction to proceed in a matter once a party files a notice of appeal. Pa.R.A.P. 1701(a). In order for the trial court to have reconsidered its Order, Appellant would have had to file timely a motion for reconsideration with the trial court. **See** Pa.R.A.P. 1701(b)(3). Appellant did not do so and opted to appeal to this Court instead. Accordingly, the trial court no longer had jurisdiction to reconsider its order once the notice of appeal was filed.

Based on the foregoing, we affirm the trial court's Order.

Order affirmed.

Judge Murray joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2021