609 A.2d 558

**Bradley CONOVER, Appellant,**

v.

**Stephen J. MIKOSKY Prothonotary; Donetta W. Abrose, Judge; Charles Loughran, Judge, Court of Common Pleas, Tenth Judicial District of Pennsylvania; Israel and Wood, P.C. Attorneys at Law; Donald Minahan, Dennis Kistler, Gloria Tischuk, Deputy Attorneys General for the State of Pennsylvania; Ila Jeanne Sensenich, Chief, United States Magistrate–Judge; and William Standish, United States District Judge, United States District Court for the Western District of Pennsylvania, Appellees.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1992.

Filed June 5, 1992.

Bradley Conover, pro se.

Zygmont A. Pines, Philadelphia, for Court of Common Pleas, Tenth Judicial Dist. of Pennsylvania, appellee.

James F. Israel, Pittsburgh, for Israel and Wood, appellee.

Ernest D. Preate, Jr., Atty. Gen., Harrisburg, for Deputy Attys. Gen. for the State of Pa., appellees.

Thomas W. Corbett, Sr., Glenshaw, for U.S. Dist. Court for the Western Dist. of Pa., appellee.

Before DEL SOLE, TAMILIA and HESTER, JJ.

DEL SOLE, Judge.

This is an appeal from an order denying Appellant permission to proceed *in forma pauperis*. We affirm the trial court's decision.

Appellant claims that he was awarded a certain sum of money in a settlement and that the named defendants have conspired to deprive him of the proceeds from that settlement. The trial court examined Appellant's complaint and his Motion for a temporary restraining order or preliminary injunction and concluded that the claims set forth in Appellant's complaint were frivolous. Accordingly, the trial court ordered that Appellant should not be permitted to proceed *in forma pauperis*. Following the trial court's

decision, Appellant filed this timely appeal wherein he alleges that the trial court erred in failing to grant the petition.

■ First, it is imperative that we discuss the appealability of the order from which Appellant is appealing. In its order dated September 9, 1991, the trial court denied Appellant's petition to proceed *in forma pauperis* based upon the trial court's belief that "the underlying complaint [was] frivolous." The judge did not specifically state in the order or in his opinion that Appellant's complaint was dismissed. Although the trial court never expressly dismissed Appellant's complaint, we can infer that the denial of Appellant's petition to proceed *in forma pauperis* effectively dismissed Appellant's complaint and prevented him from proceeding further.

> It has long been recognized that in ascertaining whether an order is final, we must look beyond the technical effect of the adjudication to its practical ramifications. *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975) ... "... [c]ertain orders which have not put a litigant literally out of court or completely terminated the litigation have nevertheless been held to possess sufficient aspects of finality to be appealable immediately because the effect of the order has been to preclude the litigant from asserting the cause of action alleged." [*Praisner v. Stocker*,] 313 Pa.Super. 332, 459 A.2d [1255] at 1258–1259 [ (1983) ].

*Trackers Raceway, Inc. v. Comstock Agency, Inc., et al.*, 400 Pa.Super. 432, 437, 583 A.2d 1193, 1195 (1990), (*en banc*). In the present case, since the practical effect of the trial court's denial of the petition was a dismissal of the complaint, Appellant's appeal is properly before this court.

■ Appellant asserts that the trial court erred by denying him *in forma pauperis* status. Subsection (b) of Rule 240 of the Pennsylvania Rules of Civil Procedure provides that:

A party who is without financial resources to pay the costs of litigation is entitled to proceed in forma pauperis. Pa.R.C.P. No. 240(b).

On November 26, 1991, the Pennsylvania Supreme Court added the following subsection (j) to Pa.R.C.P. No. 240, effective as of January 1, 1992.

"(j) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

NOTE: A frivolous action or proceeding has been defined as one that lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1990).

Pa.R.C.P. No. 240(j).

Although the current appeal was pending at the time that Rule 240(j) went into effect, Pa.R.C.P. No. 52 enables this court to apply it to the present case.[1]

From our review of the record, it is apparent that the trial court did not address the issue of Appellant's alleged indigence. Instead, it focused on the potential merit of the claim set forth in Appellant's complaint and concluded that Appellant's claim was frivolous. On that basis, alone, the trial court denied Appellant's petition to proceed *in forma pauperis*. We agree with the trial court's conclusion that Appellant's claim is frivolous and in accordance with Rule 240(j), we dismiss Appellant's complaint.

The Explanatory Comment following Rule 240(j), states that "[N]ew Rule 240(j)[ (i) ] would allow the court to dis-

---

1. Rule Pa.R.C.P. No. 52 states in pertinent part:
   **Rule 52. Effective Date. Application to Pending Actions.**
   (a) A rule or an amendment to a rule shall be effective upon the date specified by the Supreme Court ... (c) Unless the Supreme Court specifies otherwise, a rule or an amendment to a rule shall apply to actions pending on the effective date.

miss an action in which a petition for leave to proceed in forma pauperis has been filed and *either* 'the allegation of poverty is untrue' *or* 'the court is satisfied that the action, proceeding or appeal is frivolous.' " (emphasis added). In the present case, Appellant's claim does not have a basis in law or in fact.

■ The purpose of granting *in forma pauperis* status to indigent litigants is to enable them to access the court system without having to pay the costs normally associated with court proceedings. As society grows more litigious and economic resources become more scarce, it is increasingly important that both litigants and courts act responsibly. An individual seeking to proceed *in forma pauperis,* thus requesting to have court costs paid for from funds provided to this Commonwealth by its taxpayers, has a responsibility to present a valid cause of action. To hold otherwise would violate Rule 240(j) and would display a blatant disregard for the notion of judicial economy. Courts should not allow a litigant seeking *in forma pauperis* status to use the court's time and the taxpayer's money to support a frivolous claim.

■ Finally, in light of the addition of subsection (j) to Rule 240, we advise trial courts that, if upon consideration of an *in forma pauperis* petition the trial court determines that the underlying claim in the complaint, procedure or appeal is frivolous, the trial court should dismiss that claim and expressly state so in its order.

Therefore, we dismiss Appellant's complaint and affirm the order of the trial court.