J. S44014/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDREW P. GLUSHKO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THE HENRY LAW FIRM; | : | No. 3219 EDA 2015 |
| TODD EDWARD HENRY AND | : | |
| DANIEL McGARRIGLE | : | |

Appeal from the Order Entered August 31, 2015,
in the Court of Common Pleas of Monroe County
Civil Division at No. 2438-CV-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　**FILED JULY 11, 2016**

Andrew P. Glushko appeals, ***pro se***, from the order entered August 31, 2015, denying his petition for reinstatement of ***in forma pauperis*** ("IFP") status.  We dismiss the appeal.

On July 16, 2009, following a jury trial, appellant was found guilty of multiple counts of unlawful contact with a minor, criminal attempt and criminal solicitation counts related to various sexual offenses, corruption of minors, and criminal use of a communication facility.  Appellant was sentenced to 4 to 8 years' imprisonment.  This court affirmed the judgment of sentence, and appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.  ***Commonwealth v. Glushko***, 26 A.3d

1190 (Pa.Super. 2011) (unpublished memorandum). Appellees represented appellant on his direct appeal.

Subsequently, appellant litigated a PCRA[1] petition which was denied. This court affirmed the denial of PCRA relief, and our supreme court denied allowance of appeal. ***Commonwealth v. Glushko***, 102 A.3d 544 (Pa.Super. 2014) (unpublished memorandum), ***appeal denied***, 104 A.3d 2 (Pa. 2014). On March 28, 2014, while his PCRA appeal was pending in this court, appellant filed a professional liability complaint alleging malpractice and breach of contract based on appellees' purported mishandling of his direct appeal. However, appellant did not file a certificate of merit ("COM") as required by Pa.R.C.P. 1042.3.

On January 5, 2015, the trial court sustained appellees' preliminary objections in part and struck Counts 6, 7, & 8 of appellant's complaint. However, the trial court reserved ruling on appellees' demurrer to give the parties time to brief the issue. Subsequently, on January 27, 2015, appellees filed a praecipe for judgment of ***non pros*** for failure to file a COM, and on January 29, 2015, the prothonotary entered judgment of ***non pros***.

On February 2, 2015, appellant filed a notice of appeal from the January 5, 2015 order, as well as a petition for leave to file a COM and a petition to strike off judgment of ***non pros***. Appellant's appeal was docketed at No. 720 EDA 2015. In an opinion and order filed April 2, 2015,

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

the trial court determined that the February 2 appeal was interlocutory and premature, and therefore, the trial court retained jurisdiction to decide any outstanding issues. (Opinion and Order, 4/2/15 at 8-9.) **See** Pa.R.A.P. 1701(b)(6) ("After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may: Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order."). The trial court denied appellant's motion to continue IFP status on the basis that the appeal was frivolous. (**Id.** at 9-10, citing Pa.R.C.P. 240(j)(1) ("If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed **in forma pauperis**, the court prior to acting upon the petition may dismiss the action, proceeding, or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.").) **See also Bell v. Mayview State Hosp.**, 853 A.2d 1058, 1060 (Pa.Super. 2004) ("Under Rule 240(j), an action is frivolous if, on its face, it does not set forth a valid cause of action.") (internal quotation marks and citations omitted). In addition, the trial court determined that appellant failed to set forth sufficient factual averments to support his claim of indigence. (Opinion and Order, 4/2/15 at 10 n.5.)

The trial court also denied appellant's motion to open/strike judgment of **non pros**, finding that he had ample opportunity to file a COM and failed

to do so. (***Id.*** at 19.) Furthermore, the trial court determined that even if the judgment was opened, appellees' preliminary objections in the nature of a demurrer would be sustained and the complaint stricken because appellant failed to plead or establish claims upon which relief may be granted. The trial court found that under ***Bailey v. Tucker***, 621 A.2d 108 (Pa. 1993), which governs actions in criminal malpractice, appellant was unable to plead a legally sufficient claim of professional negligence. (Opinion and Order, 4/2/15 at 12-14.)[2] Therefore, the trial court denied appellant's motion to continue IFP status; denied his petition to strike off judgment of ***non pros***, and, in the alternative, sustained appellees' preliminary objections in the nature of a demurrer; denied appellant's motion for reconsideration of the January 5, 2015 order; and dismissed appellant's remaining motions and requests as moot. (***Id.*** at 22.)

The trial court's April 2, 2015 order denying appellant's petition to strike the judgment of ***non pros*** and dismissing the complaint was a final and immediately appealable order. Pa.R.A.P. 311(a)(1); Pa.R.A.P. 341(b)(1). Appellant filed an appeal on May 1, 2015 at No. 1436

---

[2] Under ***Bailey***, a criminal defendant/legal malpractice plaintiff must prove, ***inter alia***, that the attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, ***i.e.***, "but for" the attorney's conduct, the defendant/plaintiff would have obtained an aquittal or a complete dismissal of the charges; and he has pursued post-trial remedies and obtained relief which was dependent upon attorney error. ***Bailey***, 621 A.2d at 114-115. Appellant would be unable to satisfy this standard where his judgment of sentence was upheld on direct appeal, and he was denied PCRA relief.

EDA 2015.[3]  Appellant also filed another motion for continuation of IFP

status on appeal, which was not ruled upon by the trial court.  On May 27,

2015, this court granted appellant's motion to withdraw the February 2,

2015 appeal at docket number 720 EDA 2015, filed from the order of

January 5, 2015.

On August 10, 2015, appellant filed a "Motion for Documents/

Transcripts, Reinstatement of [IFP] Status, and Retraction of Costs."  This

motion was denied on August 31, 2015, "for the reasons set forth in the

prior orders and opinions issue[d] by this Court, especially those that have

addressed [appellant]'s recent requests for [IFP] status."  (Order, 8/31/15

at 1; docket #9.)  Appellant filed an appeal from that order on

September 29, 2015.  On November 6, 2015, appellant was ordered to file a

concise statement of errors complained of on appeal within 21 days pursuant

to Pa.R.A.P. 1925(b); appellant complied on November 20, 2015, asserting

that the trial court was without authority to deny appellant's motion for

continuation of IFP status pursuant to Pa.R.A.P. 551 and ***Nevyas v.***

---

[3] Appellant is currently incarcerated and so the "prisoner mailbox rule," in which a ***pro se*** prisoner's appeal is deemed filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox, applies.  ***See Smith v. Pa. Bd. of Prob. & Parole***, 683 A.2d 278, 281 (Pa. 1996); ***Thomas v. Elash***, 781 A.2d 170, 176 (Pa.Super. 2001) (holding that the prisoner mailbox rule applies to all ***pro se*** legal filings by incarcerated litigants, including civil actions). Appellees contend that appellant's appeal notice was not filed until May 6, 2015, beyond the 30-day filing deadline.  (Appellees' brief at 7.)  However, appellant averred that he deposited his notice of appeal with prison officials for mailing on May 1, 2015.  Therefore, it is deemed filed on that date.

*Morgan*, 921 A.2d 8 (Pa.Super. 2007). (Docket #7.) On December 21, 2016, the trial court filed a Rule 1925(a) opinion. Therein, the trial court opined that the appeal should be dismissed or quashed as moot since the underlying appeal at No. 1436 EDA 2015 has been dismissed. (Trial court opinion, 12/21/16 at 1-2.) Alternatively, the trial court found that appellant's prior appeals are frivolous and his applications lack sufficient averments of indigence. (*Id.* at 3.) The trial court noted that appellant has a history of filing frivolous motions and appeals. (*Id.* at 2.)

On November 16, 2015, this court had dismissed the appeal at No. 1436 EDA 2015, which was the appeal from the April 2, 2015 order denying appellant's petition to strike off judgment of *non pros*. This court dismissed the appeal due to appellant's failure to pay the appropriate filing fees. We noted that on August 31, 2015, the trial court had denied appellant's motion for reinstatement of IFP status, citing the frivolous nature of appellant's complaint. *Glushko v. The Henry Law Firm, et al.*, No. 1436 EDA 2015, *per curiam* order (Pa.Super. filed November 16, 2015). Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court which was denied on May 3, 2016.

Appellant has raised the following issue for this court's review: "Whether the lower court erred in denying [appellant]'s motion for reinstatement of [IFP] status?" (Appellant's brief at 1.) Appellant argues

that the trial court was without authority to deny continuation of IFP status while his appeal was pending.  (***Id.*** at 3.)[4]

> **(a) General rule.**  A party who has been granted leave by a lower court to proceed ***in forma pauperis*** may proceed ***in forma pauperis*** in an appellate court upon filing with the clerk of the lower court two copies of a verified statement stating:
>
> > (1)   The date on which the lower court entered the order granting leave to proceed ***in forma pauperis***.
> >
> > (2)   That there has been no substantial change in the financial condition of the party since such date.
> >
> > (3)   That the party is unable to pay the fees and costs on appeal.

Pa.R.A.P. 551(a).  Appellant is correct that the trial court has no authority to revoke IFP status while an appeal is pending.  ***Nevyas***, 921 A.2d at 13-14.  Here, however, the underlying appeal from the April 2, 2015 order denying appellant's petition to strike off the judgment of ***non pros*** in the criminal malpractice action has been dismissed and appellant's petition for allowance of appeal has been denied.  There is no longer an appeal pending.  Appellant failed to respond to this court's September 15, 2015 show cause order, and we dismissed the appeal at No. 1436 EDA 2015.  The earlier, interlocutory appeal was withdrawn by appellant.  The underlying litigation has come to

---

[4]  As appellees observe, appellant uses the terms "continuation" and "reinstatement" interchangeably.  (Appellees' brief at 11 n.4.)

an end. Therefore, we agree with the trial court that the issue of appellant's IFP status is moot.

Furthermore, as explained by the trial court in its April 2, 2015 opinion and order, appellant failed to comply with the COM requirements and he cannot possibly prove legal malpractice where he was found guilty and has exhausted all of his appeals and state post-conviction remedies. Appellant cannot meet the third element required in *Bailey*; *i.e.*, that he did not commit any of the unlawful acts with which he was charged. Appellant cannot prove that "but for" the allegedly negligent acts of his attorneys, he would have obtained an acquittal. As a matter of public policy, a guilty plaintiff cannot collect damages in a criminal malpractice trespass action. *See Bailey*, 621 A.2d at 113 ("First, as for the possibility of a defendant actually profiting from his crime, we require that as an element to a cause of action in trespass against a defense attorney whose dereliction was the sole proximate cause of the defendant's unlawful conviction, the defendant must prove that he is innocent of the crime or any lesser included offense."). *See also Hill v. Thorne*, 635 A.2d 186, 190-191 (Pa.Super. 1993) ("[P]ublic policy should not allow an actually guilty defendant to profit from his crime by attacking peripherally negligent aspects of his defense attorney's performance. The heightened pleading standards also discourage frivolous litigation, while leaving intact the criminal defendant's access to other

systemic remedies, such as appeals and post-conviction proceedings."), citing **Bailey**, 621 A.2d at 112-113.

Appellant also could not establish the fifth element of criminal legal malpractice required by **Bailey**, the successful pursuit of post-trial relief dependent upon attorney error. As set forth above, appellant's PCRA petition was denied, and this court affirmed. The Pennsylvania Supreme Court has recently denied **allocatur**. Appellant was not entitled to IFP status to pursue this wholly frivolous lawsuit. **See Conover v. Mikosky**, 609 A.2d 558, 560 (Pa.Super. 1992) ("Courts should not allow a litigant seeking **in forma pauperis** status to use the court's time and the taxpayer's money to support a frivolous claim.").

Appeal dismissed. Appellant's application to file a reduced number of copies of his reply brief is denied as moot, appellant having already filed the requisite number of copies (4).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016