J-A11018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDWIN M. FISCHL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THE LAW OFFICES OF GELMAN AND | : | |
| RODGERS, LLC, BRUCE GELMAN, | : | |
| AND WILLIAM RODGERS | : | |
| | : | |
| Appellees | : | No. 905 WDA 2020 |

Appeal from the Order Entered July 24, 2020
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  GD-20-7894

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

JUDGMENT ORDER BY KING, J.:                    **FILED MAY 12, 2021**

Appellant, Edwin M. Fischl, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which denied his petition to proceed *in forma pauperis* ("IFP").  We dismiss Appellant's appeal and strike the case from the argument list.

On July 23, 2020, Appellant filed a *pro se praecipe* for writ of summons against Appellees, the Law Offices of Gelman and Rodgers, LLC, Bruce Gelman, and William Rodgers, a law firm that had represented Appellant in a prior action.[1]  On July 24, 2020, Appellant filed a petition to proceed IFP.  That same day, following a hearing, the court denied the petition, explaining that

_____

[1] As it relates to the prior action, on January 17, 2020, this Court affirmed the trial court's dismissal of Appellant's claims as meritless.  **See Fischl v. AXA Life Ins. Co.**, 226 A.3d 642 (Pa.Super 2020) (unpublished memorandum), *appeal denied*, ___ Pa. ___, 238 A.3d 1172 (2020).

Appellant could not present a meritorious legal malpractice claim. On Monday, August 24, 2020, Appellant timely filed a notice of appeal. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors, and Appellant filed none.

Preliminarily, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.* Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). *See also* Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief). Here, Appellant's "brief" on appeal is completely inadequate, lacking, *inter alia*, the necessary statement of jurisdiction, relevant scope and standard of review, statement of questions presented, and any coherent argument section with citation to relevant authority. *See* Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). *See also Smathers v. Smathers*, 670 A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). Appellant provides no cogent legal arguments or

relevant authority to support his claims. *See* Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority). These substantial defects preclude meaningful review, warranting suppression of Appellant's brief and dismissal of the appeal. *See In re Ullman, supra*; Pa.R.A.P. 2101. Accordingly, we suppress Appellant's brief and dismiss his appeal.[2]

Appeal dismissed. Case is stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/2021

_____

[2] Even if we did not dismiss Appellant's appeal due to these substantial defects, his claims would merit no relief. A trial court may dismiss an IFP petition and the action if it is satisfied that the action is frivolous. *See Conover v. Mikosky*, 609 A.2d 558, 559 (Pa.Super. 1992) (affirming denial of IFP petition and dismissal of action based upon trial court's belief that underlying complaint was frivolous); Pa.R.C.P. 240(j). In the instant case, the trial court noted that during the IFP hearing, it was clear Appellant intended to pursue a legal malpractice claim against Appellees. (*See* Trial Court Opinion, filed 12/10/20, at 1). The court explained that because Appellant could not prove his underlying case would have been successful but for the actions of Appellees, and because Appellant could not obtain a certificate of merit from an ethical practitioner of law, the court denied Appellant's IFP petition. (*Id.*). We agree with the trial court that Appellant's legal malpractice claim is frivolous, and the court's denial of the IFP petition was proper. *See Conover, supra*.