# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lavond Hill, :
              Appellant :
 :
      v. : No. 699 C.D. 2021
 : Submitted: February 4, 2022
John E. Wetzel, et al. :


**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
              **HONORABLE ELLEN CEISLER,** Judge
              **HONORABLE STACY WALLACE,** Judge


## OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: January 5, 2023**

Lavond Hill (Hill), an inmate incarcerated at the State Correctional Institution at Houtzdale (SCI-Houtzdale), appeals from the Order entered in the Court of Common Pleas of Clearfield County (trial court) on January 5, 2021, dismissing with prejudice Hill's pro se action filed against John E. Wetzel, the Secretary of Corrections, and twenty-one (21) institutional staff members in their official and individual capacities (collectively Appellees). The trial court dismissed the action in its entirety sua sponte as frivolous pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 240(j)(1).[1] For the reasons set forth below, we reverse.

---

[1] Rule 240(j)(1) provides, in relevant part:

**(Footnote continued on next page…)**

On October 16, 2020, Hill filed a Complaint along with a request to proceed *in forma pauperis* for the duration of the proceeding. In his Civil Complaint, filed pursuant to, *inter alia*, Section 1983 of the United States Code (Section 1983), 42 U.S.C. § 1983,[2] Hill generally alleges that Appellees lost his property; denied him access to hygienic supplies such as showers, razors, cleaning supplies for his cell, and proper shoes; prohibited him from using the law library; made sexual comments to him; subjected him to unsanitary conditions; refused to provide him medical care; retaliated against him for filing a rape report against a corrections officer; and violated his constitutional rights. Hill seeks both compensatory and punitive damages from Appellees.

Hill attached to his Complaint as Exhibits numerous Inmate's Request to Staff Member Forms he submitted while incarcerated at SCI-Houtzdale along with several

---

If, simultaneous with the commencement of an action, proceeding or appeal a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if . . . it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1). The Note further explains that: "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.' *Neitze v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)." Pa.R.Civ.P. 240(j)(1), Note.

[2] Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

Inmate Activity Restrictions Forms, but he did not include any grievances that he may have submitted while incarcerated at SCI-Houtzdale or any appeal decisions to a grievance or inmate request.[3]  In the response section to an Inmate's Request to Staff Member Form dated June 25, 2020, attached to his Complaint as Exhibit M, wherein he requested a transfer to another prison, Hill was directed as to how he may acquire grievance forms.  Throughout the Complaint, however, Hill avers that he filed, or attempted to file, multiple grievances based on the conduct of numerous Appellees toward him.  Hill maintains that those grievances were destroyed by Appellees and further contends he was warned against filing grievances, threatened with negative consequences if he did file them, or was not provided with grievance forms when they were requested.  (Complaint ¶¶ 78-91, 101, 103, 113, 135, 140, 142, 160, 188, 195, 207.)  To summarize his attempts to exhaust his administrative remedies, Hill averred:

> Some institutional grievances were properly filed and appealed, others were not, due to being destroyed; machination; misrepresentation; intimidation; the administrative procedure operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to Hill.  As [a] result[,] there were no administrative procedure[s] available.  Where [p]rison officials obstruct Hill's and other [p]risoners from exhausting their administrative remedies, no further exhaustion is required.

(*Id.* ¶ 207.)

In its Order entered on January 5, 2021, after a full review of Hill's Complaint, the trial court found that while Hill set forth numerous claims against Appellees, he had failed to exhaust appropriate agency remedies before he filed his Complaint.  As

---

[3] Exhibit G is an Initial Review Response from a grievance that Hill submitted in 2013 while housed at SCI-Smithfield, and Exhibit R is a Final Appeal Decision from a grievance submitted by another inmate in 2019.

for Hill's claims that he was obstructed from filing grievances or appealing such grievances and, therefore, exhaustion was not required, the trial court concluded that "[t]his is an erroneous legal conclusion." (Trial Ct. Order at 2.) "Simply because [Hill] feels that the administrative remedies would not have resolved his issues, does not waive the requirement that he follow the appropriate procedure." (*Id*. at 2-3.) The trial court concluded that Hill's failure to exhaust those remedies meant his claims could not stand. In accordance with Rule 240(j)(1), the trial court found Hill's Complaint to be frivolous and dismissed it with prejudice.[4]

Hill filed a timely notice of appeal on January 22, 2021. On February 4, 2021, the trial court entered an order pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), directing Hill to file a Concise Statement of Errors Complained of on Appeal within 21 days, and Hill filed his "Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)" on February 26, 2021. The trial court issued a letter advising that it would not file a further opinion in this matter.[5]

In his brief, Hill presents the following "Statement of Question[s] Involved":

1. Whether the claims in the complaint are frivolous or not? . . . .

---

[4] The trial court also noted that Hill had attempted to file the same Complaint three times and directed that the Complaints submitted on November 13, 2020, and December 6, 2020, be returned to Hill unfiled.

[5] Hill initially filed his appeal and docketing statement with the Superior Court of Pennsylvania. In a per curiam order entered on May 11, 2021, upon consideration of the notice of appeal and docketing statement filed along with Hill's response to the Court's April 21, 2021, order, the Superior Court transferred the appeal to this Court. *See* Section 761(a) of the Judicial Code, 42 Pa.C.S. § 761(a)(1); *see also* Pennsylvania Rule of Appellate Procedure 751, Pa.R.A.P. 751. In addition, upon consideration of Hill's March 17, 2021 "Application for Relief," wherein he requested documents contained in the certified record, the Superior Court denied Hill's Application as moot because the Court's Prothonotary had mailed those materials to Hill on March 25, 2021.

4

2. Whether the Court should have afforded [Hill] an opportunity to serve [Appellees] the civil action complaint before dismissal or not? . . . .

3. Whether failure to exhaust administrative remedies is an affirmative defense for [Appellees] to raise or not? . . . .

(Hill's Brief at 4 (footnote omitted).)[6] As they are dispositive, we begin with Hill's second and third questions.

Our review of a decision dismissing an action pursuant to Rule 240(j) is limited to a determination of whether the plaintiff's "constitutional rights have been violated," and "whether the trial court abused its discretion or committed an error of law." *McGriff v. Vidovich*, 699 A.2d 797, 798 n.2 (Pa. Cmwlth. 1997). In *McGriff*, 699 A.2d at 799 (emphasis added) (internal citation omitted), this Court explained that under Rule 240(j), an action is deemed frivolous "if, **on its face**, it does not set forth a valid cause of action." Facial defects that can be considered by trial courts include affirmative defenses, such as the expiration of a statute of limitations and failure to exhaust administrative remedies. *Paluch v. Palakovich*, 84 A.3d 1109, 1111, 1113-14 (Pa. Cmwlth. 2014). An individual like Hill who seeks to proceed *in forma pauperis* is responsible for presenting a valid cause of action. *McWilliams v. Commonwealth* (Pa. Cmwlth., No. 657 C.D. 2019, filed Sept. 13, 2021), slip op. at 3[7] (citing *Conover v. Mikosky*, 609 A.2d 558, 560 (Pa. Super. 1992)).[8] Requiring

---

[6] In a Notice of Non-Participation filed on November 1, 2021, Appellees indicated that they would not be participating in this appeal as the matter was dismissed by the trial court as frivolous prior to service.

[7] While not precedential, unreported panel opinions of this Court may be cited for their persuasive value pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[8] Although in his brief Hill relies upon the Pennsylvania Supreme Court's decision in *Boyle v. O'Bannon*, 458 A.2d 183 (Pa. 1983), for the proposition that courts lack authority to dismiss a plaintiff's complaint sua sponte before the complaint had been served upon the defendant and **(Footnote continued on next page…)**

the filing of a valid cause of action in a matter in which the plaintiff seeks to proceed *in forma pauperis* is necessary because the plaintiff is seeking to have the costs paid by the taxpayers and to support "the notion of judicial economy." *Conover*, 609 A.2d at 560. Further, because Rule 240(j)(1) allows for the dismissal of an action for frivolousness **prior** to granting an application for *in forma pauperis* status, it necessarily authorizes such decisions prior to service of a complaint on the defendants. Thus, Hill's arguments that there was an error in the trial court's dismissing under Rule 240(j) prior to service on Appellees and based on an affirmative defense are unavailing. We now turn to the trial court's determination that Hill's Complaint was frivolous due to his failure to exhaust his administrative remedies.

This Court has held that when an inmate alleges his right to due process has been violated, "inmate grievance systems are an adequate post-deprivation remedy[.]" *Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 383 (Pa. Cmwlth. 2017) (internal citation omitted) As this Court previously stated:

> Pursuant to [Department of Corrections'] [(DOC or Department)] Inmate Grievance Review System, 37 Pa.Code § 93.9 (incorporating DC–ADM 804),[9] inmates may seek resolution of problems or issues

without affording the plaintiff an opportunity to be heard, the Supreme Court subsequently added Rule 240(j) to the Pennsylvania Rules of Civil Procedure, effective January 1, 1992. Thus, *Boyle* does not preclude the trial court's actions here.

[9] This section provides:

(a) The Department will maintain an inmate grievance system which will permit any inmate to seek review of problems which the inmate experiences during the course of confinement. The system will provide for review and resolution of inmate grievances at the most decentralized level possible. It will also provide for review of the initial decision making and for possible appeal to the Central Office of the Department. An inmate will not be disciplined for the good faith use of the grievance systems. However, an inmate who submits a grievance for review which

**(Footnote continued on next page…)**

of concern arising during the course of their confinement (Grievance Process). The Grievance Process consists of three steps. In Step 1, an inmate must submit the initial grievance to the Grievance Coordinator within 15 working days of the initial incident. The Grievance Coordinator then has 15 working days to provide a written response.

In Step 2, an inmate must appeal the grievance response to the Facility Manager or Superintendent within 15 working days of receiving it. In turn, the Manager or Superintendent must notify the inmate of his decision within 15 working days of receiving the appeal.

If still dissatisfied, an inmate in Step 3 must submit the final appeal to the Secretary's Office of Inmate Grievances and Appeals (Central Office) within 15 working days of receiving an appeal response. The Central Office then has 30 working days to respond to the inmate. The Grievance Process thus culminates in the Central Office's response.

*Kittrell v. Watson*, 88 A.3d 1091, 1092-93 (Pa. Cmwlth. 2014). If the inmate fails to complete each of these steps, he or she fails to exhaust his administrative remedies. *See Humphrey v. Dep't of Corr.*, 939 A.2d 987 (Pa. Cmwlth. 2007) (where inmate did not allege that he appealed the denial of a grievance or any DOC final order, he failed to exhaust administrative remedies). Significantly, "a prisoner must have utilized all available remedies in accordance with the applicable procedural rules, so that prison officials have been given an opportunity to address the claims administratively." *Shore*, 168 A.3d at 383-84 (quoting *Moore*

is false, frivolous or malicious may be subject to appropriate disciplinary procedures. A frivolous grievance is one in which the allegations or the relief sought lack any arguable basis in fact as set forth in DC-ADM 804--Inmate Grievance System, which is disseminated to inmates.

(b) Inmates may also pursue available remedies in State and Federal court.

37 Pa. Code § 93.9.

*v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)).  The exhaustion of administrative remedies is required for **all** federal claims.  *Kittrell*, 88 A.3d at 1095; *see also* Section 1997e(a) of the Federal Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a) (which mandates that inmates exhaust "such administrative remedies as are available" before bringing suit to challenge prison conditions under Section 1983); Section 6603(a) of the Pennsylvania Prison Litigation Reform Act, 42 Pa.C.S. § 6603(a) (providing that prison conditions litigation filed in Pennsylvania courts alleging a violation of Federal law are "subject to any limitations and remedies established by Federal law or Federal courts with respect to the Federal claims").  Therefore, "[p]rior to filing a complaint alleging violation of federal rights, an inmate must exhaust the administrative grievance system in a complete and 'proper' manner, and this necessitates compliance with 'critical procedural rules.'"  *Shore*, 168 A.3d at 384 (quoting *Kittrell*, 88 A.3d at 1095).

However, there are circumstances where an inmate may not be required to exhaust the administrative remedies because those remedies are not available to the inmate.  *Ross v. Blake*, 578 U.S. 632, 642 (2016); *Minor v. Kraynak*, 155 A.3d 114, 125 (Pa. Cmwlth. 2017).  There are three situations where an administrative remedy is considered "unavailable."  *Ross*, 578 U.S. at 643.  First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates."  *Id.*  (citing *Booth v. Churner*, 532 U.S. 731, 736 (2001)).  Second, an administrative remedy is unavailable if the "administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use."  *Id.* at 643.  Third, an administrative remedy is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process

8

through machination, misrepresentation, or intimidation." *Id.* at 644. In this last instance, where prison "officials misle[a]d or threaten[] individual inmates so as to prevent their use of otherwise proper procedures, such interference with an inmate's pursuit of relief renders the administrative process unavailable." *Id.* In *Minor*, this Court similarly recognized that "if an agency prevents a party from pursuing a remedy, the agency does not 'hold out' a remedy, and the remedy cannot be exhausted." 155 A.3d at 125.

As the trial court herein observed, Hill attached no evidence that he pursued any of the circumstances he sets forth in his Complaint to the level of the superintendent of SCI-Houtzdale, although the record reflects he was instructed as to how to do so in the June 25, 2020 correspondence. However, while Hill fails to allege specifically that he followed the grievance process to finality on any of the claims he presents, he does allege that multiple Appellees interfered with his ability to file grievances, through destruction of documents, warnings and threats, and refusals to provide grievance forms, which, at this stage of the proceeding, must be accepted as true. Although the trial court dismissed these claims as Hill "feel[ing] that the administrative remedies would not have resolved his issues," (Trial Ct. Order at 2-3), pursuant to *Ross* and *Minor*, these allegations arguably raise legal and factual questions regarding whether the administrative remedies were actually available to Hill so as to require their exhaustion. Accordingly, the trial court erred in dismissing the Complaint as frivolous under Rule 240(j)(1) based on Hill's failure to exhaust his administrative remedies. We must therefore reverse the trial court's order.

_____
**RENÉE COHN JUBELIER,** President Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lavond Hill,              :
          Appellant    :
                     :
          v.             :   No.  699 C.D. 2021
                     :
John E. Wetzel, et al.     :

## O R D E R

**NOW**, January 5, 2023, the Order of the Court of Common Pleas of Clearfield County, dated January 5, 2021, is **REVERSED**, and the matter is **REMANDED** to the trial court for further proceedings in accordance with the foregoing opinion. Jurisdiction is relinquished.

.

 

_____
**RENÉE COHN JUBELIRER,** President Judge