J-S11020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KENNETH GOVAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMAZON.COM SERVICES LLC | : | No. 2051 EDA 2023 |

Appeal from the Order Entered May 23, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230402910

BEFORE: BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 16, 2024**

Kenneth Govan appeals *pro se* from the order dismissing his complaint against Amazon.com Services LLC ("Amazon") as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1). We affirm.

In April 2023, Govan filed a *pro se* complaint against Amazon, his former employer, along with a petition to proceed *in forma pauperis*. The complaint did not contain any counts or numbered paragraphs, but the civil cover sheet attached to the complaint indicated that Govan was pursuing a claim for fraud under 18 U.S.C. § 1001. To the extent we can discern, we glean the following facts from the complaint and the exhibits attached thereto.

Govan began working at Amazon as a picker/packer in May 2021. Complaint, at Exh. 8A. On June 21, 2021, Amazon determined that Govan had

_____

[*] Retired Senior Judge assigned to the Superior Court.

46 "false pick skips" during the week of June 13, 2021. *Id.* at Exh. 1-A. Amazon claimed it did a Seek to Understand ("STU") on June 21, 2021 with Govan to determine the cause of these errors. *Id.* at Exh. 4-B. Govan denies meeting with Amazon on June 21, 2021, and states that a STU was not done. *Id.* at 2-3. Amazon issued a Supportive Feedback Document, which was signed by both parties on June 27, 2021, stating that Govan's job performance was not meeting behavioral expectations due to the false pick skips. *Id.* at Exh. 1-A. Govan claimed this was a disciplinary write-up, but Amazon denied this claim. *Id.* at 2.

Govan further alleged that he was entitled to an accommodation due to his disability of a musculoskeletal disorder. *Id.* at 1-2. He claimed that on June 27, 2021, he experienced "visual disturbances and swelling in [his] left knee from repeatedly working in a chill area [of] 32 degrees or lower" at Amazon. *Id.* at 1. Govan reported this to his manager, who sent him home. *Id.* Govan alleges that his manager failed to file an incident report. *Id.* at Exh. 2. On July 5, 2021, Govan filed a discrimination complaint with the Pennsylvania Human Relations Commission ("PHRC") against Amazon, alleging that Amazon unlawfully discriminated against him when it disciplined him based upon his disability. *Id.* at Exh. 4-B. The PHRC issued a finding of no probable cause of discrimination and concluded that the Supportive Feedback Document showing Govan's 46 false pick skips "was exempted from [his] file and was not recorded as a disciplinary action." *Id.*

On May 18, 2023, the trial court entered an order dismissing Govan's complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1) (permitting dismissal of a frivolous action prior to ruling on a motion for leave to proceed *in forma pauperis*) because it failed to state a claim for fraud. This appeal followed.

We initially observe there are significant deficiencies in Govan's appellate brief. "When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***Irwin Union Nat'l Bank and Trust Co. v. Famous***, 4 A.3d 1099, 1103 (Pa.Super. 2010); ***see also Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa.Super. 2006) (stating if a deficient brief impedes this Court's ability to address any issue on review, the "issue that is not properly briefed in this manner is considered waived"). "[U]ndeveloped claims are waived and unreviewable on appeal." ***Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) (OAJC). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Irwin Union Nat'l Bank and Trust Co.***, 4 A.3d at 1103. Further, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005).

Here, Govan's brief violates Pennsylvania Rule of Appellate Procedure 2111(a) because it lacks a statement of jurisdiction, a statement of the scope of review and standard of review, a statement of the questions involved, a statement of the case, and a summary of the argument. ***See*** Pa.R.A.P.

2111(a)(1), (3), (4), (5), and (6). Further, although Govan appears to raise four questions throughout his brief,[1] he fails to develop or offer any cogent argument on these issues in violation of Pennsylvania Rule of Appellate Procedure 2119(a). *See* Pa.R.A.P. 2119(a). Moreover, there are no references to any relevant legal authority, and the brief fails to address the court's finding that the complaint failed to state a claim for fraud. Therefore, to the extent we cannot discern Govan's arguments, they are waived.

Even if not waived, we agree with the trial court that Govan failed to state a claim for which relief could be granted. We review a decision dismissing an action pursuant to Pa.R.C.P. 240(j) to determine "whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Ocasio v. Prison Health Serv's.*, 979 A.2d 352, 354 (Pa.Super. 2009).

_____

[1] The questions are as follows:

> 1. [C]an Amazon, Inc. provide disinformation to state or government officials during an investigation without any, or no consequences in Pennsylvania?
>
> 2. [A]re all documents which are presented to state and government officials as legal documents, do they need to be verified by a person or agency submitting them?
>
> 3. [W]here are the worker activity logs?
>
> 4. [D]oes Amazon, Inc. adhere to "ADA" rules and regulations?

Govan's Br. at 2, 3, 6, 7.

Rule 240 sets forth the "procedure by which a person who is without the financial resources to pay the costs of litigation may proceed *in forma pauperis*." ***Bell v. Mayview State Hosp.***, 853 A.2d 1058, 1060 (Pa.Super. 2004). A litigant seeking leave to proceed *in forma pauperis* has the responsibility of presenting a valid cause of action. ***Conover v. Mikosky***, 609 A.2d 558, 560 (Pa.Super. 1992). Subsection (j) of Rule 240 permits a court to dismiss an action that is frivolous where the party also filed a petition for leave to proceed *in forma pauperis*:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1). The note to the Rule explains that "[a] frivolous action or proceeding has been defined as one that lacks an arguable basis either in law or in fact." ***Id.*** at Note (citation and internal quotation marks omitted); ***see also Bell***, 853 A.2d at 1060 (stating an action is frivolous for purposes of Rule 240(j) if, on its face, it does not set forth a valid cause of action).

Here, Govan indicated on the civil cover sheet attached to the complaint that he was pursuing a claim for fraud against Amazon. A plaintiff asserting a claim for fraud must plead and prove the following:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable

- 5 -

reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

***Marion v. Bryn Mawr Trust Co.***, 288 A.3d 76, 87 (Pa. 2023) (citation omitted). Averments of fraud "shall be averred with particularity." Pa.R.C.P. 1019(b).

We agree with the trial court that the factual averments in Govan's complaint fail to demonstrate any claim of fraud. Govan fails to address any of the elements of fraud and the complaint is devoid of any facts supporting a claim that Amazon made a material misrepresentation to Govan upon which he justifiably relied. Govan also fails to allege a resulting injury. Accordingly, the court did not err in dismissing Govan's complaint as frivolous under Rule 240(j)(1).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2024

- 6 -