# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Orlando Baez, : 
                     Appellant : 
                      : 
                      : 
            v. :   No. 790 C.D. 2023
                      : 
Unit Manager Todd Faubert; : 
Corrections Officer Charles Briscoe; : 
Jane Doe; John Doe; Corrections : 
Officer Shawn Gosner, Sergeant : 
Andrew Pluhar :   Submitted: August 12, 2025

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                           FILED:  November 4, 2025

Unrepresented litigant Orlando Baez (Baez), an inmate at a state correctional institution (SCI), appeals from an order entered by the Court of Common Pleas of Montgomery County (trial court) on March 9, 2023, which dismissed his civil complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1). This matter has returned to the Court following remand to the trial court to render an opinion that more fully comports with Pennsylvania Rule of Appellate Procedure 1925(a) (Rule 1925(a)). *See Baez v. Faubert* (Pa. Cmwlth., No. 790 C.D. 2023, filed July 17, 2025), 2025 WL 1982352 (*Baez I*). Upon consideration of the trial court's

subsequently filed Rule 1925(a) opinion, we reverse the trial court's order dismissing Baez's complaint as frivolous and remand for further proceedings.

We adopt the factual background as stated in *Baez I*. Briefly stated, the trial court denied Baez's *in forma pauperis* (IFP) petition and dismissed his complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1). Baez subsequently appealed[1] to this Court. In his complaint, Baez alleges that he missed a doctor's appointment after prison staff refused to allow his preferred wheelchair pusher, rather than the prison unit's assigned wheelchair pusher, with whom Baez had a personal conflict, to push him to the appointment. Baez is Hispanic and alleges that similarly-situated white inmates were allowed to be pushed by his requested wheelchair pusher, but he was not. He also alleges a series of retaliatory behavior on the part of prison staff following his complaint about not being allowed to attend his appointment with his wheelchair pusher of choice.

Upon review of the record and the trial court opinion in support of its order first submitted to this Court on appeal, we found the trial court's analysis of Baez's variety of claims to be inadequate for appellate review. The trial court failed to address Baez's constitutional claims, including his First Amendment retaliation claim, Fourteenth Amendment equal protection claim, and his Eighth Amendment cruel and unusual punishment claim. In its initial opinion, the trial court simply concluded that any harm suffered by Baez resulted from his choice not to allow the unit's assigned wheelchair pusher to take him to his doctor's appointment. This conclusion failed to address Baez's variety of constitutional claims, which do not

---

[1] Our review of a denial of an IFP application and dismissal of a complaint as frivolous pursuant to Rule 240(j)(1) is limited to determining whether constitutional rights were violated and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

rely on traditional damages akin to torts. After remand, a different judge filed a supplemental Rule 1925(a) opinion, as ordered by this Court, concluding that "on its face" Baez's complaint "may set forth viable claims under the First, Eight[h], and Fourteenth Amendments of the United States Constitution." Supplemental 1925(a) Opinion at 2.

This Court agrees with the trial court's conclusion in its supplemental Rule 1925(a) opinion. An action may only be dismissed under Pa.R.Civ.P. 240(j)(1) if it is frivolous. "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" Pa.R.Civ.P. 240(j)(1), Note (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997) ("[A]n action is frivolous under [Pa.R.Civ.P. 240(j)], 'if, *on its face*, it does not set forth a valid cause of action.'") (emphasis added). A litigant seeking to proceed IFP must present a valid cause of action. *McWilliams v. Commonwealth* (Pa. Cmwlth., No. 657 C.D. 2019, filed September 13, 2021), slip op. at 6[2] (citing *Conover v. Mikosky*, 609 A.2d 558, 560 (Pa. Super. 1992)). However, our courts remain "mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted." *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa. Super. 2009).

The allegations of Baez's complaint, taken on the face of the complaint (and as stated in greater detail in *Baez I*) set out at least one non-frivolous cause of action. For example, Baez alleges that he was treated differently than similarly-situated white inmates on the basis of his race. Taken as true, this sets out a prima facie equal protection claim under the Fourteenth Amendment. Therefore, we

---

[2] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, unreported opinions of this Court may be cited for their persuasive value. 210 Pa. Code § 69.414(a).

reverse the March 9, 2023 Order dismissing Baez's complaint and remand to the trial court for further proceedings.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Orlando Baez,            :

         Appellant       :

                           :

       v.                  :    No. 790 C.D. 2023

                           :

Unit Manager Todd Faubert;    :

Corrections Officer Charles Briscoe;    :

Jane Doe; John Doe; Corrections    :

Officer Shawn Gosner, Sergeant    :

Andrew Pluhar                :

# O R D E R

AND NOW, this 4th day of November 2025, the March 9, 2023 Order of the Court of Common Pleas of Montgomery County (trial court) in the above-captioned matter is REVERSED and this matter is remanded to the trial court for further proceedings.

Jurisdiction relinquished.

_____

MATTHEW S. WOLF, Judge