IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Jones,                          :
                        Appellant       :
                                        :
            v.                          :
                                        :
Philadelphia Police 3rd                 :    No. 774 C.D. 2024
District PSA 3-2                        :    Submitted: November 6, 2025

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                      FILED: December 31, 2025

Matthew Jones (Appellant) appeals the February 20, 2024 order of the Court of Common Pleas of Philadelphia County (Trial Court) dismissing his complaint filed January 4, 2024 (Complaint). Upon review, we affirm.

## I.  Background

On January 4, 2024, Appellant filed the Complaint, naming as defendant the Philadelphia Police Department 3rd District PSA 3-2 (Appellee). *See* Complaint. The Trial Court adequately summarized the allegations of the Complaint as follows:

> [Appellant] asserts that he was raped in public by unnamed Philadelphia police officers who conspired with his uncle from the period of time from 1995 through 2004. The [C]omplaint alleges that [Appellant] was raped in public by his uncle outside of a crowded cheesesteak restaurant in 1995 after [a] Phillies game. [Appellant] avers that a worker at the restaurant heard him complaining to his uncle that the wait was more than an hour. The worker, "taking DNA to lighten his skin color," spit in [Appellant's] cheesesteak. [Appellant] then avers that he tried to grab the worker. The worker ran. As [Appellant] chased him, [Appellant's] uncle tripped [Appellant] and then raped him. [Appellant] avers that [Appellant's] uncle and father allowed police officers to participate in the

sexual assault. The Complaint further makes reference to the identity of a police officer as a "Wright gang member," a gang that has been in existence for ten thousand years[1] that use "Havlicek DNA combined with lobster DNA to have a White appearance" and wear poisonous one-piece uniforms. [Appellant] further alleges that at future times his uncle arranged for the police officers to participate in sexually assaulting [Appellant] in public during a 9[-]year period on multiple occasions. The [C]omplaint does not name his father or uncle as defendants. The [C]omplaint averred that [Appellant] was deprived of his rights under 42 U.S.C.[ §] 1983, and sought damages in the amount of $10,000,000.

*See* Opinion filed by Trial Court October 17, 2024 (Trial Court Opinion) at 1-2 (internal footnote omitted); *see also generally* Complaint.

By order dated February 20, 2024 (Trial Court Order), the Trial Court dismissed the Complaint pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1). *See* Trial Court Order. Appellant timely appealed to this Court.

## II. Discussion[2]

The deciding question in the instant matter is whether the Trial Court erred by dismissing the Complaint pursuant to Pennsylvania Rule of Civil Procedure 240 based on the frivolity of the claims contained in the Complaint. For the following reasons, we affirm the Trial Court Order.

Pennsylvania Rule of Civil Procedure 240(j)(1) provides:

---

[1] Although the Trial Court quotes the Complaint as identifying the "Wright gang," we observe that the Complaint actually identified the gang as the "Wight gang." *See* Trial Court Opinion at 1; Complaint at 3.

[2] Appellate review of a decision dismissing an action pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1) is limited to determining whether constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *See Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" Pa.R.Civ.P. 240(j)(1), Note (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997) (noting that, under Pennsylvania Rule of Civil Procedure 240(j), an action is frivolous "if, on its face, it does not set forth a valid cause of action"). "An individual seeking to proceed *in forma pauperis,* thus requesting to have court costs paid for from funds provided to this Commonwealth by its taxpayers, has a responsibility to present a valid cause of action." *Conover v. Mikosky*, 609 A.2d 558, 560 (Pa. Super. 1992). "Courts should not allow a litigant seeking *in forma pauperis* status to use the court's time and the taxpayer's money to support a frivolous claim." *Id.*

As this Court has explained:

> In determining whether a plaintiff has stated a cognizable cause of action under Section 1983,[3] the inquiry must focus on whether two essential elements are met: (1) whether the complained of conduct was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States.

---

[3] For Section 1983 actions brought in state court, federal law governs the substantive merits and state law governs the procedures by which that action is litigated. *See Richardson v. Thomas*, 964 A.2d 61, 65 (Pa. Cmwlth. 2009).

*Brown v. Wetzel*, 179 A.3d 1161, 1164 (Pa. Cmwlth. 2018) (quoting *Flagg v. Int'l Union, Sec., Police, Fire Pros. of Am., Local 506,* 146 A.3d 300, 305 (Pa. Cmwlth. 2016)) (internal brackets omitted).

Here, the Trial Court dismissed the Complaint after determining that it lacked an arguable basis either in law or fact. *See* Trial Court Opinion at 3. The Trial Court explained:

> [The C]omplaint names [Appellee], but fails to allege the name of any particular individual police officer or police official that committed an act to deprive[] him of a federally guaranteed right. Although [Appellant] alleges in the [C]omplaint that his uncle and father were responsible for several abusive acts, [Appellant] failed to name his uncle or father as a defendant. Even if [Appellant] had, it is unclear how [Appellant's] uncle or father was acting under the color [of] a state law in committing the alleged acts averred in the [C]omplaint. Further, [the C]omplaint provides a vague timeframe for when the allegations occurred, averring a time period in the summer of 1995 and then on various unspecified trips in the years 1996, 1997, 1998, 1999, 2000, 2001, and 2004, which fails to provide [Appellee with] adequate notice to frame an answer. In no way has the [T]rial [C]ourt dismissed [the C]omplaint because it was not artfully drafted.
>
> Accordingly, [Appellant] fails to state a claim upon which relief can be granted.

Trial Court Opinion at 3-4 (internal citations omitted).

We have reviewed the Complaint and agree with the Trial Court's assessment of the claims purportedly raised therein. The Complaint presents a collection of fantastical and nonsensical allegations occurring at non-specific times by inadequately identified individuals. Many of the allegations of the Complaint appear quite distinctly removed from reality. In fact, while the details contained in

4

the Trial Court's summary of the allegations of the Complaint, discussed *supra*, are striking, even a cursory examination of the Complaint reveals that the Trial Court omitted many additional details from the Complaint that would have served to further illustrate this point.[4] *See generally* Complaint. In short, the Complaint fails to relate the allegations contained therein to specific individuals or defendants and does not discuss the elements of the various causes of action in relation to specific defendants or acts. Otherwise stated, the Complaint fails to plead facts which, if proven, would demonstrate the causes of action Appellant alleges, violations of his constitutional rights by Appellee, or any actions by authorities beyond the protection of applicable immunities.

Because the Complaint is based upon purported claims which, on their face, fail to set forth valid causes of action, the Complaint lacks arguable basis in either law or fact. *See McGriff*; Pa.R.Civ.P. 240(j)(1). Accordingly, the Trial Court did not err in dismissing the Complaint as frivolous under Pennsylvania Rule of Civil Procedure 240. *See McGriff*; *Conover*; Pa.R.Civ.P. 240(j)(1).

### III. Conclusion

For the foregoing reasons, we affirm the Trial Court Order.

---

[4] In addition to the existence of a 10,000-year-old gang that combines human and lobster DNA for the ultimate purpose of killing White people, the Complaint alleges that Appellant has died and been resurrected around 1,000 times. *See* Complaint at 2-4. Additionally, we note that Appellant's brief does little to clarify the Complaint's claims and, instead, is fraught with a litany of further claims far removed from reality and/or the realm of possibility, including, for instance, the existence of a global video and audio recording network that creates and stores recordings of the entire lives of all persons on Earth. *See* Appellant's Br. at 31-33 (pagination supplied).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Matthew Jones, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Philadelphia Police 3rd | : | No. 774 C.D. 2024 |
| District PSA 3-2 | : | |

**PER CURIAM**

## O R D E R

AND NOW, this 31st day of December, 2025, the February 20, 2024 order of the Court of Common Pleas of Philadelphia County is AFFIRMED.